By the Court.
That sections 4987 and 4988 apply to proceedings in error was held by this court, in Ross, Sheriff v. Willet, 54 Ohio St. 150. —In that case a summons in error had been issued within the six months, and served by an offi *554 cer not qualified to make the service, and upon motion the service was set aside, and on the next day another summons was issued and properly served, but this last summons was issued and served after the expiration of the six months limitation, but within sixty days after the attempt to commence the action by the issuing and service of the first summons.
In the case at bar the summons was not caused ' to be issued within the six months allowed by section 6723, Revised Statutes, but the petition in error and the precipe were filed within such six months. The question, therefore, is, whether the filing of the petition in error and precipe for a summons is an attempt to commence an action, and whether the party, by such filing of petition and precipe can be said to have diligently endeavored to procure a service.
It is thé diligent endeavor to procure a service that brings the case within the saving provisions of section 4988, and it cannot be said that there is diligent endeavor to procure service when no summons has been issued to be served upon any one. If a summons has been caused to be issued, there can be an endeavor to procure service of such summons, but where no summons has been caused to be issued, there can be no endeavor to procure a service. The burden of causing a summons to be issued is cast upon the plaintiff in error, and as no summons was caused to be issued, in this ease, there was no endeavor to procure the service of summons, and therefore the plaintiff in error does not bring itself within the saving provisions of section 4988, and the circuit court was right in dismissing the petition in error.

Judgonent affi/i'med.